IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

04 JAN -8 AM 11: 16

EGWIGES REY,

    Plaintiff,

vs.                                                                        CIV 02-908 RB/LAM

INTERMOUNTAIN COLOR, INC.,
MICAH GOVE and MARK ORTIZ,
as employees of Intermountain Color,
and JOHN DOES I-X,

    Defendants.

## DEFENDANTS' SUPPLEMENTAL REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants Intermountain Color, Inc., Micah Gove, and Mark Ortiz, by and through their counsel, HOLT AND BABINGTON, P.C. (Matthew P. Holt), hereby submit these Supplemental Requested Findings of Fact and Conclusions of Law in accord with this Court's instructions at the close of trial.

### SUPPLEMENTAL REQUESTED FINDINGS OF FACT

24.     The claims that Plaintiff's fellow employees constantly called her wetback and blew smoke in her face are not credible.

25.     Defendants neither knew, nor had reason to know, that Plaintiff's fellow employees taunted or ridiculed Plaintiff.

26.     The incident which involved Martin Gonzales was not precipitated by Plaintiff's national origin. While Martin Gonzales never should have used foul language



or referred to Plaintiff as a wetback, management promptly investigated this matter, and took prompt and appropriate remedial action once the incident came to its attention.

27. It was reasonable for Intermountain Color to give Plaintiff a written reprimand for her part in the incident involving Martin Gonzales because it reasonably believed that she had provoked the incident by hoarding inserts, she had engaged in a tug-of-war with a fellow employee, and she had yelled at her fellow employee and called him names.

28. The incident which involved Plaintiff and Dolores Gonzales had nothing to do with Plaintiff's national origin.

29. It was reasonable for Intermountain Color to give Plaintiff a verbal reprimand for her part in the incident involving Dolores Gonzales as it reasonably believed that she again was involved in a confrontation with a fellow employee stemming from Plaintiff hoarding inserts.

30. The incident which stemmed from Plaintiff becoming irate over the fact that Neal McGowan had laid down anti-fatigue mats had nothing to do with Plaintiff's national origin.

31. It was reasonable for Intermountain Color to give Plaintiff a written warning as a result of the incident involving Neal McGowan because she had been previously warned not to take matters into her own hands, and she first kicked the anti-fatigue mats out of her way and then threw them aside.

32. Plaintiff's lawsuit is frivolous, unreasonable, and/or without foundation, regardless whether it was or was not brought in subjective bad faith.

SUPPLEMENTAL REQUESTED CONCLUSIONS OF LAW

3. Since the only incident which could be remotely tied to any sort of harassment based upon national origin was the incident involving Martin Gonzales, if Plaintiff had been the victim of harassment, she was obliged to file her claim with EEOC no later than 1998 (within 300 days of the incident). By failing to file her claim until November, 2001, she failed to make a timely complaint and any claim that she otherwise may have had was therefore barred.

4. Because Plaintiff's lawsuit is frivolous, unreasonable, or without foundation, regardless whether it was or was not brought in subjective bad faith, defendants are allowed to recover from Plaintiff the attorneys' fees they have incurred in the defense of this matter.

Respectfully submitted,

HOLT & BABINGTON, P.C.

By: _____
MATTHEW P. HOLT
Post Office Box 2699
Las Cruces, NM 88004-2699
(505) 524-8812

**CERTIFICATE OF DELIVERY**

I hereby certify that on this _8th_ day of January 2004, I mailed a true and correct copy of the foregoing pleading to:

Rita Nuñez Neumann
Attorney at Law
1850 N. Solano Drive
Las Cruces, NM 88001

_____
MATTHEW P. HOLT